UNITED STATES of America,
Plaintiff–Appellee,

v.

Robert J. KUHN, Jose C. Davila and
Doyle E. Huckabee,
Defendants–Appellants.

No. 80–1207

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Unit A

November 5, 1980.

James Daniel (Jay) Doyle, III, Austin, Tex., for Davilla.

Albert A. Pena, III, Corpus Christi, Tex., Richard Witte Alexander, Austin, Tex., for defendants–appellants.

LeRoy Morgan Jahn, Asst. U.S. Atty., San Antonio, Tex., for plaintiff–appellee.

Before GEE, RUBIN and RANDALL, Circuit Judges.

PER CURIAM:

Appellants Kuhn, an attorney, Huckabee, his investigator, and Davila, a local police officer, were indicted and tried for conspiring to suborn perjury. A mistrial was granted on their motion after the jury hung. Appellants then moved to dismiss the indictment on the ground that a retrial would subject them to double jeopardy. This interlocutory appeal from the denial of that motion, brought in reliance on *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), follows. The issue of whether such an appeal may be taken where the former jury hangs is presently pending before this court in the appeal of *United States v. Becton*, No. 80–1630, argued August 12, 1980. We decline to preempt that issue and, granting appellants the benefit of the doubt, assume without deciding that the appeal lies.

Appellants assert that the judge should have granted their motion for acquittal grounded in a supposed insufficiency of the evidence and other matters. His erroneous refusal to do so, they contend, causes them to be placed again in jeopardy. We have surveyed the record compiled there and conclude that the judge correctly

denied appellants' motion for acquittal insofar as it was based on an insufficiency of inculpatory evidence. Such a motion must be granted when "the evidence, viewed in the light most favorable to the Government, is such that a reasonably minded jury *must* have a reasonable doubt as to the existence of 'the essential elements of the crime charged." *United States v. Barrera,* 547 F.2d 1250, 1255 (5th Cir. 1977) (emphasis in original) (quoting *United States v. Reynolds,* 511 F.2d 603 (5th Cir. 1975), and cases cited therein.) In view of the retrial that we contemplate, we pass over any extended discussion of this evidence beyond observing that much of it, based on taped conversations with a vital witness in a concluded criminal matter, is clearly susceptible to the interpretation that appellants offered him a large sum of money to change his testimony in a manner favorable to one of Mr. Kuhn's clients, who had fled after conviction and was a fugitive. In so stating, we, of course, draw no such conclusion whatever, since that is not our office; we conclude only that a trier of fact might reasonably do so.

■ This conclusion disposes of appellants' sole contention properly reviewable, on our above assumption, under *Abney.* Reversal of a conviction solely on grounds of insufficiency of evidence to support it precludes a second trial for that offense. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). An attempted second trial after such a reversal would be objectionable and, the objection being denied, an *Abney*–type interlocutory appeal would lie.

■ The roots of *Abney,* however, rest in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), and its firmly established "collateral order" doctrine. *United States v. MacDonald,* 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978). Appellants' other points for reversal pertain to the sufficiency of their indictment and do not come within the *Cohen* doctrine. *Abney v. United States,* 431 U.S. at 663, 97 S.Ct. at 2042. We therefore lack jurisdiction to pass upon them at this time. *Id.*

AFFIRMED.